

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

1
2
3
4
5
6
7
8           **UNITED STATES DISTRICT COURT**
9           **CENTRAL DISTRICT OF CALIFORNIA**
10
11 EDER G. HERRERA,            Case No. SACV12-01650 SS
12           Plaintiff,
13         v.           **DISCOVERY MATTER**
14 CITY OF BREA, BREA POLICE      **PROTECTIVE ORDER REGARDING**
DEPARTMENT, CHIEF OF POLICE    **PRODUCTION OF RECORDS BY**
JACK CONKLIN, BREA POLICE       **DEFENDANTS AND ORANGE**
15 OFFICERS R. ALONZO (1312), PHIL   **COUNTY DISTRICT ATTORNEY**
RODRIGUEZ (1401), J. HOETKER (1500), **[PURSUANT TO THIRD-PARTY**
16 T. BARBOSA (1402), CREWS, C.      **SUBPOENA]**
GILBERT (1574), M. VAUGHAN (1298),
17 and DOES 1-10,
18           Defendants.
19
20
21               **PROTECTIVE ORDER**
22     Having reviewed the Stipulation by and between Plaintiff Eder G. Herrera, by and
23 through John Burton, Esq., and Defendants City of Brea, et al., by and through Jennifer
24 Petrusis, Esq., and third-party, Orange County District Attorney's Office ("OCDA"), and
25 their attorneys of record, and GOOD CAUSE APPEARING, the Court ORDERS the
26 following:
27     Defendants the City of Brea, et al. and third party witness, OCDA shall produce the
28 records as ordered by this Court on August 29, 2014 by the Order Granting in Part and

_____
   [PROPOSED] PROTECTIVE ORDER REGARDING PRODUCTION OF RECORDS BY DEFENDANTS AND
                ORANGE COUNTY DISTRICT ATTORNEY
11222-0143\1747941v2.doc

1  Denying in Part Plaintiff's Motion to Compel Production of Documents, subject to the

2  following ORDER:

3  **1.**      **GOOD CAUSE: PURPOSE AND SCOPE**

4          Plaintiff served discovery requests on the City of Brea Defendants and he served a

5  subpoena duces tecum for documents on the OCDA.  The Brea Defendants and the OCDA

6  objected to producing certain information responsive to the discovery requests and to the

7  subpoena, contending that the information was irrelevant to the civil action and the

8  information was privileged under both state and federal statutes including, but not limited

9  to, the federal official information privilege because of a current and active investigation of

10  Plaintiff and the Trix Circle murders.

11          Plaintiff brought a Motion to Compel the withheld information.  After considering

12  the parties' and OCDA's papers on the matter, after hearing oral argument, and after

13  reviewing the subject materials and questioning the investigating officer, Anaheim Police

14  Department Detective Daron Wyatt, in camera, on August 29, 2014 the Court issued an

15  Order Granting in Part and Denying in Part Plaintiff's Motion to Compel, Docket No. 72.

16  In the Order, the Court directs that the Brea Defendants and the OCDA produce to Plaintiff

17  certain documents, some of which must be redacted, and all of which are not to be publicly

18  disclosed.  All Documents produced by the Brea Defendants and OCDA pursuant to the

19  Court's August 29, 2014 Order, as well as information extracted therefrom, shall be

20  referred to as "Confidential Information," and shall be subject to this Protective Order.

21  **2.**      **DURATION**

22          The confidentiality obligations imposed by this Protective Order shall remain in

23  effect after the termination of this litigation, and shall not be lifted without further order of

24  this Court.

25          This Order shall survive the final termination of this action, to the extent that the

26  information contained in Confidential Information is not or does not become known to the

27  public, and the Court shall retain jurisdiction to resolve any dispute concerning the use of

28  the information disclosed hereunder.  Within sixty (60) calendar days after the conclusion

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

of this action in its entirety (including the expiration of appeal periods or the execution of a settlement agreement among the parties finally disposing of this action), all parties and persons having received Confidential Information shall dispose of all such material either by (i) returning such material to counsel for the producing individual or entity, or (ii) destroying such material in a manner that ensures that it will not be disclosed to or disseminated or received by any person.  Upon request, all parties and persons having received Confidential Information shall separately provide written certification to counsel for Brea Defendants or to counsel for OCDA that such disposal has been completed. Counsel for the parties shall be entitled to retain all court papers, deposition and trial transcripts, exhibits used in affidavits, at depositions, and at trial, and attorney work-product, including materials which contain, quote, discuss, or analyze Confidential Information, provided that such counsel and employees of such counsel shall not disclose such materials to any person unless, after reasonable prior notice to the producing individual or entity, the disclosing counsel has obtained permission pursuant to court order or by agreement of the producing individual or entity.  The Confidential Information kept by counsel pursuant to this paragraph shall be maintained in accordance with the terms of this Order.

3.   **DESIGNATED CONFIDENTIAL INFORMATION**

**3.1**   The documents produced to Plaintiff pursuant to the Court's August 29, 2014 Order and the information stated thereon shall be considered Confidential Information.

**3.2**   Confidential Information protected by this Protective Order must be clearly designated prior to the disclosure or production of such Confidential Information, and must bear the notation of "Confidential" on each page that contains Confidential Information, provided that such notation does not obscure or obliterate any document contents.

**3.3**   Confidential Information that has been ordered produced to Plaintiff's counsel only shall bear the notation "Confidential Attorneys' Eyes Only," provided that such notation does not obscure any document contents.

///

1      **3.4**    An inadvertent failure to designated Confidential Information does not waive

2 the producing individual or entity's right to secure protection under this Protective Order.

3 If the producing individual or entity discovers after production of the Confidential

4 Information that the information is lacking the appropriate designation, the producing

5 individual or entity must timely notify the receiving party, who shall make reasonable effort

6 to ensure that the Confidential Information is treated in accordance with the provisions of

7 this Order.

8      **3.5**    To the extent that Plaintiff or his counsel can demonstrate that he obtained

9 information from another source, although that information may be the same as

10 Confidential Information, the information obtained from the other source shall not be

11 subject to this Order.

12 **4.**    <u>**TERMS AND CONDITIONS OF USE OF CONFIDENTIAL INFORMATION**</u>

13      **4.1**    The Responsive Records produced by the Brea Defendants and OCDA

14 pursuant to this Stipulated Protective Order shall be used solely in connection with the case

15 of *Eder G. Herrera v. City of Brea*, et al, Case Number 8:12-cv-01650-SS including any

16 associated appellate proceedings and collateral review, and not for any other purpose;

17      **4.2**    Confidential Information must be stored and maintained by the receiving

18 party at a location and in a secure manner that ensures that access is limited to the person

19 authorized under this Protective Order.

20      **4.3**    Confidential information and information derived therefrom may not be

21 disclosed in any form to anyone not covered under this protective order. If any other party

22 to this civil litigation requests copies of the Confidential Information produced by the Brea

23 Defendants or the OCDA, the appropriate counsel shall first provide a copy of the

24 Stipulated Protective Order to the requesting party. The requesting party shall confirm in

25 writing that both the party and their attorney(s) of record shall be bound by the terms of the

26 Stipulated Protective Order prior to disclosure of the requested records. The writing must

27 also include consent by the party to whom disclosure is going to be made, to be subject to

28 the jurisdiction of this Court with respect to any proceeding related to the enforcement of

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

**Formatted:** Font: Italic

1   this Stipulated Protective Order, including but not limited to a proceeding for contempt;

2   **4.4**   Disclosure of Confidential Information designated "Confidential" shall be

3   limited to the personnel and/or classification of persons listed below:

4   **4.4.1**   Any Party to this action and that Party's counsel;

5   **4.4.2**   staff and personnel employed by counsel for any party to this action;

6   **4.4.3**   the Court and court personnel, in connection with this litigation;

7   **4.4.4**   during their depositions, witnesses who, from the face of the

8   document, appear to have previously authored or received it; and

9   **4.4.5**   experts or consultants retained/consulted to work on this case by

10   counsel for any party to this action (so long as each such expert or consultant agrees to be

11   bound by the terms of this Protective Order).

12   **4.5**   Disclosure of Confidential Information that has been designated as

13   Confidential Attorneys' Eyes Only shall be limited to counsel for Plaintiff.

14   **4.6**   Confidential Information that a party intends to use in support of or in

15   opposition to a pre-trial filing with the Court must be filed in accordance with the Central

16   District of California Local Rules relating to under seal filings, including Local Rule 79-5.

17   Counsel intending to use Confidential Information must either (a) submit unredacted

18   documents containing Confidential Information under seal and (b) file public versions of

19   the same documents with the Confidential Information redacted, or, alternatively, file the

20   Confidential Information under seal in a "Confidential Addendum."

21   **4.7**   Counsel for any party to this action shall advise those individuals to whom

22   disclosure of Confidential Information is to be made of the contents of this Protective

23   Order, and such counsel shall obtain the consent of such individual that he or she will be

24   bound by this Protective Order, prior to disclosure of Confidential Information.  In the

25   event such individual does not consent to be bound by this Protective Order, no disclosure

26   of Confidential Information shall be made to that individual.

27   The foregoing provision shall not apply to the disclosure of Confidential Information

28   to the Court or the Court's staff.

RICHARDS | WATSON | GERSHON
ATTORNEYS AT LAW – A PROFESSIONAL CORPORATION

**4.8**      Any counsel, expert, consultant or investigator retained by counsel for any party to this case shall not refer to Confidential Information in any other court proceeding without further order of this Court.

**4.9**      The parties shall make good faith efforts to consent to the use of Confidential Information, and shall meet and confer to discuss redactions of particularly sensitive information before making use thereof.

**4.10**      Nothing in this Order shall be construed as authorizing a party to disobey a lawful subpoena issued in another action.

**5.**      <u>**UNAUTHORIZED DISCLOSURE OF CONFIDENTIAL INFORMATION**</u>

**5.1**      If a receiving party learns that it has disclosed Confidential Information to any person or entity not authorized to receive such information pursuant to this Protective Order, the receiving party shall immediately (a) notify the producing individual or entity of the unauthorized disclosure, including identification of the person or entity to whom such unauthorized disclosure was made, (b) retrieve all copies of the Confidential Information from the unauthorized recipient, (c) inform the unauthorized recipient of the terms of this Protective Order and request that they agree, in writing, to be bound hereto.  Should the Court determine that the receiving party intentionally disclosed Confidential Information to an unauthorized party, the Court may consider the imposition of sanctions, including but not limited to monetary sanctions and/or issue preclusion.

**5.2**      Under no circumstances shall the receiving party file in the public record any Confidential Information, without written permission from the producing individual or entity or an Order of this Court, and only upon timely written notice to all interested parties. The parties shall made good faith efforts to consent to the use of Confidential Information, and shall meet and confer to discuss redactions of particularly sensitive information.

**6.**      <u>**RIGHT TO ASSERT OBJECTIONS**</u>

**6.1**      The production of Confidential Information by the Brea Defendants and OCDA pursuant to this Order shall not be deemed a waiver of the official information privilege by the Brea Defendants or OCDA for any future purpose.

1    This Order may not be modified other than by order of the Court.

2    **IT IS SO ORDERED.**

3

4    DATED:  9/16/14

5

6                                                    _____/S/_____

7                                                    United States Magistrate Judge
                                                     Suzanne H. Segal

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-7-
[PROPOSED] PROTECTIVE ORDER REGARDING PRODUCTION OF RECORDS BY DEFENDANTS AND
ORANGE COUNTY DISTRICT ATTORNEY
11222-0143\1747941v2.doc